IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Lee Linville,<br><br>  Petitioner,<br><br>v.<br><br>Ryan Thornell, *et al.*,<br><br>  Respondents. | No. CV-24-00069-PHX-JJT (MTM)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 11, "R&R") submitted by United States Magistrate Judge Michael T. Morrissey in this matter recommending that the Court deny and dismiss with prejudice Donald Lee Linville's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner timely filed Objections to the R&R (Doc. 12), and Respondents field a Reply to the Objections (Doc. 13). Petitioner thereafter filed a "Response to Reply to the Objection to Report and Recommendation" (Doc. 14), which Respondents have moved to strike (Doc. 15.) The Court will grant Respondents Motion to Strike, overrule the Objections to the R&R, adopt the R&R in whole, and dismiss the Petition with prejudice for the reasons set forth below.

In the R&R, Judge Morrissey correctly analyzed each of Petitioner's grounds stemming from his arguments centering on suppression of evidence seized from the memory card in Petitioner's camera and the computers in his residence, and the Court agrees with his conclusions that Grounds One and Nine fail to raise cognizable claims at all, and Grounds Five and Six suffer from the same infirmity insofar as they attempt to

raise constitutional violations stemming from deficiencies in the state search warrants.[1] Ground One asserts error in the state trial court's decision not to suppress the evidence noted above, and Grounds Five and Six assert the infirmities with the warrants as stated above. These claims are flatly precluded. *Stone v. Powell*, 428 U.S. 465, 481-82, 494-95 (1976). Arizona provided Petitioner a full and fair opportunity to litigate his Fourth Amendment claim and resultant suppression argument, and he did so, both at the state trial and appellate levels. Habeas review on these basis are precluded per *Stone*. In Ground Nine, Petitioner asserts a cognizable claim lies with the state trial court's decision not to hold an evidentiary hearing on his PCR claims. Even if such decision were error—a conclusion to which this Court does not subscribe—such would be a violation only of state law or rule, but not of federal law, constitutional or otherwise. Grounds One, Five (in part), Six (in part) and Nine are denied as failing to state a cognizable claim.

The remaining components of Petitioner's Grounds Five and Six—that his counsel was ineffective in 1) choosing one strategy over another in arguing for suppression of the fruits of the November 6 search warrant; and 2) failing to argue a lack of nexus between the evidence recovered from his camera and justification for both search warrants—fail on their merits. In both grounds, Petitioner cannot show his counsel's performance was deficient within the meaning of the *Strickland* test, nor that he suffered prejudice as a result. Counsel sought before trial to suppress all evidence that the police obtained after they conducted a warrantless search of the memory card in the camera Petitioner placed on B.T.'s balcony. Petitioner's arguments come down to hindsight criticism that counsel should have argued down Avenue A rather than Avenue B, but such is a tactical decision that, as Judge Morrissey correctly noted, falls within prevailing professional norms.

Moreover, as Judge Morrissey also noted, Petitioner's arguments fail to demonstrate prejudice, thus failing *Strickland*'s second prong, as he has not shown any other motion or argument for suppression would have succeeded. The state appellate court found "no

---

[1] Petitioner also raises in Grounds Five and Six arguments that his trial counsel provided ineffective assistance in counsel's litigation of the suppression motions. The Court addresses those arguments separately *infra*.

indication" Petitioner's proposed alternative strategy for suppression of the search warrant fruits would have succeeded, and that court's conclusions were based on its reasoning that both search warrants were supported by probable cause even without reliance upon or consideration of any evidence from the camera's memory card. That determination is not contrary to nor an unreasonable application of the *Strickland* standard. The remaining components of Petitioner's Grounds Five and Six will be dismissed, as Judge Morrissey's analysis of them is sound.

Judge Morrissey also correctly concluded that Petitioner's Ground Seven, arguing ineffective assistance under *Strickland* for counsel's failure to argue for judgment of acquittal based on lack of evidence of the age of the victims in each child exploitation charge, must fail. The record evidence supported a finding of the children's ages as less than fifteen, as the Arizona appellate court recognized. Any argument to the contrary would have been futile, and it is practically hornbook law that counsel cannot be deemed ineffective for failing to make a meritless claim. *E.g., Gonzalez v. Knowles*, 515 F.3d 1006, 1016 (9th Cir. 2008).

Turning to Petitioner's final ineffective assistance claim in Ground Eight, Judge Morrissey correctly concluded that it lacks merit. In *State v. Berger*, 212 Ariz. 473 (2006), the Arizona Supreme Court turned back an Eighth Amendment challenge to the state's sentencing scheme as set forth in A.R.S. § 13-3553(A)(2)—the scheme by which Petitioner was sentenced in his own case. Petitioner urges that his counsel committed ineffective assistance by failing to argue the unconstitutionality of the statutory sentencing scheme and for overturning *Berger*. The state court rejected this ground in Petitioner's PCR proceeding, concluding this was a non-meritorious issue, and thus his trial or appellate counsel could not be deemed ineffective for failing to raise it. The state court's decision was not based on an unreasonable determination of the facts, nor was it contrary to or an unreasonable application of *Strickland*. Ground Eight fails on its merits and the Court will deny it.

. . .

As to the sufficiency of evidence claims Petitioner makes in Grounds Two, Three and Four, Judge Morrissey's R&R thoroughly treats with the state appellate court's conclusions that the evidence adduced at trial was sufficient to support the jury's findings. The Court will not here recount Judge Morrissey's analysis, found on pages 7 through 13 of the R&R as it would serve no purpose to merely repeat, but the Court does adopt that analysis in whole. Grounds Two through Four must be denied.

In coming to the above conclusions, the Court has carefully considered Petitioner's 17-page Objection. But the objection does not answer any finding or conclusion of the R&R with an explanation of why such finding or conclusion is incorrect. The Objection merely repeats arguments Petitioner made in his Petition briefing, and it recites holdings of caselaw without applying them—it does not point to how such caselaw reveals error in the R&R's reasoning. This is to say there is no specificity to any of the objections Petitioner does make.[2] Those objections fail.

**IT IS THEREFORE ORDERED** overruling Petitioner's Objections to the R&R (Doc. 12).

**IT IS FURTHER ORDERED** adopting in whole the R&R submitted by Judge Morrissey (Doc. 11).

**IT IS FURTHER ORDERED** denying and dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Clerk of Court shall terminate this matter.

**IT IS FURTHER ORDERED** granting Respondent's Motion to Strike (Doc. 15) and striking the Sur-Reply at Doc. 14 as unauthorized by the Federal Rules of Civil Procedure or the Local Rules of Practice for the District of Arizona, and not ordered by the Court.

. . .

. . .

. . .

---

[2] The Court notes Petitioner does not object at all to the R&R's conclusions as to Grounds Seven and Nine.

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis*, upon a finding that Petitioner has not made a showing of the denial of a constitutional right.

Dated this 20th day of March, 2025.

Honorable John J. Tuchi
United States District Judge